Oldham, J. The proceedings in this case originated in the Probate Court of Pulaski county, and were carried from that court to the Circuit Court, by a writ of certiorari. The first question presented for the consideration of this court is, whether the Circuit Court can obtain jurisdiction of a cause by a writ of certiorari to an inferior tribunal, and re-adjudicate the same. This question was fully discussed by Ch. J. Ringo, in the case of Anthony, ex parte, 5 Ark. R. 358. After citing that clause of the constitution which declares that “ the Circuit Courts shall exercise a superintending control over the County Courts and over Justices of the Peace, in each county, in their respective circuits, and shall have power to issue all the necessaiy writs, to carry into effect their general and specific powers,” he says “the terms of the grant are general, but they import an authority as to the tribunal only and seem to us, to have no reference whatever to parties litigant, or to cases pending in, or decided by them, and do not in any manner appear to contemplate any direct proceedings by the Circuit Gourts either against the parties to controversies there pending, or determined, or in cases or matters there in controversy or adjudicated, and inasmuch as no appellate jurisdiction whatever appears to have been vested by the constitution in the Circuit Courts, we consider the power by virtue of this provision as extending only to the tribunals mentioned, and consequently the Circuit Courts can derive no jurisdiction therefrom, to adjudicate” any case there determined, but are bound in the exercise of their superintending control, to confine their action to such process and proceedings, as may legally be taken against the tribunals themselves, and in such case the court acts not in the exercise of appellate, but of original jurisdiction; and notwithstanding the rights of others may be affected, the tribunal against which the proceeding is taken, or the individual composing it, must always, in such case, be the party defendant.” And so the court held in that case, that by the constitution no appellate jurisdiction is conferred upon the Circuit Courts. A writ of certiorari is not a proceeding against the tribunal or individual composing it; it acts upon the cause or proceedings in the inferior court, and removes it into the superior tribunal for re-investigation. The jurisdiction so acquired is appellate and not original. It has however been held by this court, in Hays v. Pope Co., 5 Ark. Rep. 308, and in other cases, that it is competent, for the Legislature to provide other means than the use of those writs authorized by the constitution, for the purpose of revising the proceedings of inferior courts, and in such case the remedy so provided depends entirely upon the Legislature for its existence, who may modify or abolish it at pleasure. There is no act of the Legislature by which the Circuit Courts are authorized to issue writs of certiorari, for the purpose of obtaining jurisdiction of a cause, from the inferior courts, and until such power shall be conferred by Legislative authority, the Circuit Courts cannot assume or exercise it. The judgment must therefore be affirmed.